IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DERRICK STEPHENSON,

    Petitioner,

v.                                                               Civil Action No. 3:14-cv-00457-JAG

HAROLD W. CLARKE,

    Respondent.

## MEMORANDUM OPINION

Derrick Stephenson, a Virginia prisoner, submitted this petition by counsel for a writ of habeas corpus under 28 U.S.C. § 2254. Stephenson contends that the Virginia Parole Board ("VPB") violated his due process rights by refusing to release him on discretionary parole. Specifically, Stephenson claims that the VPB acted arbitrarily when it changed its reasons for denying him parole. Respondent, the Director of the Virginia Department of Corrections, moved to dismiss, arguing that Stephenson failed to exhaust his state remedies and that he received due process. Because the VPB based its decision to deny parole on at least one constitutionally valid reason, the Court will GRANT the Motion to Dismiss.

### I. Statement of Facts

On May 10, 1995, a Virginia court convicted Stephenson of first degree murder, malicious wounding, and two counts of use of a firearm in commission of a felony. He received a sentence of life imprisonment with an additional twenty-eight years. In April 2013, Stephenson attended a hearing regarding his suitability for discretionary parole. On May 14, 2013, the VPB informed Stephenson by letter that it did not grant him parole for the following reasons: (1) Serious nature and circumstances of offense; (2) Release at this time would diminish seriousness of crime; and (3) Record of institutional infractions, not ready to conform to society.

(Dk. No. 1, ex. 1 at 2.) Two days later, Stephenson filed requests for both an appeal and a reconsideration of the VPB's denial, stating that his last institutional infraction had occurred in 1995. Three weeks later, the VPB responded that "[t]here appears to be significant error in the information ... related to the stated reason(s) for the decision," and VPB would notify Stephenson at the completion of the appeal. (Dk. No. 1, ex. 2 at 2.)

The VPB then informed Stephenson that, after reviewing his case, it had affirmed its prior decision not to grant him discretionary parole. This letter, dated June 27, 2013, listed four reasons for denial: (1) Serious nature and circumstances of your offense(s); (2) Crimes committed; (3) Considering your offense and your institutional record, the Board concludes that you should serve more of your sentence before being paroled; and (4) History of violence. (Dk. No. 1, ex. 3 at 2.) On February 3, 2014, Stephenson filed an appeal of the VPB's denial of parole, claiming that it now asserted four "brand new reasons" for his parole denial. (Dk. No. 1, ex. 4.) The VPB's response, dated April 8, 2014, stated that the Board removed an incorrect reason and the other reasons previously cited justified its final denial of parole. (Dk. No. 1, ex. 4.) The VPB also noted that Stephenson's next parole interview would occur on May 7, 2014. *Id.* Stephenson then filed this habeas corpus petition.[1]

## II. Discussion

### A. Exhaustion

The respondent argues that the Court should dismiss Stephenson's petition because he has not exhausted his available state remedies as required by § 2254(b) and (c). Under the exhaustion requirement, a petitioner "must give the state courts one full opportunity to resolve

---

[1] Some challenges to parole decisions may also proceed under 42 U.S.C. § 1983. *See Wilkinson v. Dotson*, 544 U.S. 74, 81-82, 125 S. Ct. 1242 (2005). Because Stephenson seeks immediate release from confinement as his remedy, he may properly petition the Court under 28 U.S.C. § 2254. *Id.* at 82.

2

any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728 (1999); *see also Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997).

An exception to this requirement exists, however, under § 2254(b)(1)(B). This subsection allows a petitioner to avoid exhaustion when "there is an absence of available State remedies; or . . . circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). The petitioner claims this exception, citing the Virginia Supreme Court's ruling that denials of parole "are not proper matters for habeas corpus jurisdiction" because such denials only "tangentially affect[] a prisoner's confinement." *Carroll v. Johnson*, 278 Va. 683, 695, 685 S.E.2d 647 (2009). Recent federal cases reflect the Virginia Supreme Court's repeated summary dismissals of habeas petitions challenging parole denials.[2]

Ruling on this question of exhaustion, however, is not necessary for reaching a decision on this motion to dismiss. A court may deny a § 2254 petition on the merits, "notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2). Accordingly, the Court will consider the merits of Stephenson's due process claim.

### B. Due Process Claim

Stephenson argues that the VPB violated his right to due process by citing different reasons for his denial at different times in the appeal process, including an erroneous reference to

---

[2] *See, e.g., Bragg v. Clarke*, No. 2:12CV161, 2013 WL 3087263, at *4 (E.D. Va. June 17, 2013); *Perry v. Clarke*, No. 7:12CV245, 2012 WL 6738164, at *1 n.2 (W.D. Va. Dec. 28, 2012); *Doxie v. Clarke*, No. 2:10CV379, 2011 WL 1930666, at *1 (E.D. Va. April 22, 2011); *Williamson v. Clarke*, No. 2:10CV522, 2011 WL 2790263, at *1 (E.D. Va. 2011); *Barr v. Virginia*, No. 7:10CV485, 2011 WL 2669149, at *1 (W.D. Va. July 6, 2011).

a history of institutional infractions that did not exist. The Due Process Clause[3] of the Fourteenth Amendment applies when government action deprives an individual of a legitimate liberty or property interest. *See Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 560-70, 92 S. Ct. 2701 (1972). The analysis for a due process claim against a state or its agent proceeds in two steps: first, the determination of whether a liberty or property interest exists of which a person has been deprived; and, second, if so, whether the state followed constitutionally sufficient procedures. *Swarthout v. Cooke*, 562 U.S. 216, 216, 131 S. Ct. 859 (2011) (per curiam); *see Morrissey v. Brewer*, 408 U.S. 471, 481, 92 S. Ct. 2593 (1972) ("[D]ue process is flexible; . . . not all situations calling for procedural safeguards call for the same kind of procedure.").

A protected liberty interest may arise either from the Constitution or from state laws and policies. *Wilkinson v. Austin*, 545 U.S. 209, 220-21, 125 S. Ct. 2384 (2005). The Constitution does not guarantee the "inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7, 99 S. Ct. 2100 (1979). Although Virginia established procedures for determining a prisoner's eligibility for parole, *see* Va. Code Ann. § 53.1-151, the Fourth Circuit has consistently held that these statutes do not create a protected liberty interest in *release* on parole. *See Burnette v. Fahey*, 687 F.3d 171, 181 (4th Cir. 2012) (citing *Gaston v. Taylor*, 946 F.2d 340, 344 (4th Cir. 1991); *Vann v. Angelone*, 73 F.3d 519, 522 (4th Cir. 1996). Virginia prisoners, however, do enjoy a limited liberty interest in *consideration* for release on parole. *Hill v. Jackson*, 64 F.3d 163, 170 (4th Cir. 1995).

---

[3] "No State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1.

4

Having determined that a liberty interest exists in consideration for parole, the remaining question involves the level of due process required to protect that interest. *Cooke*, 562 U.S. at 216. Where a state parole statute establishes a liberty interest, "inmates are entitled to no more than minimal procedure." *Vann*, 73 F.3d at 522. At most, "parole authorities must furnish to the prisoner a statement of its reasons for denial of parole." *Burnette*, 687 F.3d at 181 (citation omitted) (internal quotation marks omitted). More specifically, the Fourth Circuit has held that "where the denial of parole ... rests on one constitutionally valid ground, the Board's consideration of an allegedly invalid ground would not violate a constitutional right." *Bloodgood v. Garraghty*, 783 F.2d 470, 475 (4th Cir. 1986) (citing *Zant v. Stephens*, 462 U.S. 862, 103 S. Ct. 2733 (1983)). A parole board does not violate due process when it denies parole because of the "seriousness of [the prisoner's] crime." *See Bloodgood*, 783 F.2d at 472, 474.

The VPB did not violate Stephenson's due process rights because it relied on a constitutionally valid reason when it denied him discretionary parole. In its May 14, 2013, letter, the VPB cited three reasons for denying parole, two of which referenced the serious nature of Stephenson's offenses and the seriousness of his crimes. The third reason referenced a record of institutional infractions. When Stephenson claimed that his last infraction occurred nearly twenty years ago, the VPB corrected its error and removed this reason. When the VPB responded to Stephenson's request for reconsideration on June 27, 2013, three of its four reasons referenced the serious nature of his offenses, his crimes, and the need for Stephenson to serve more of his sentence in light of his offenses. The fourth reason reflects the other three, stating that Stephenson had a history of violence. His convictions for first degree murder, malicious wounding, and use of a firearm all support this fourth reason.

The VPB has provided process beyond that which the Constitution requires for prisoners denied discretionary parole. It issued Stephenson a clear letter with specific reasons for his

parole denial. When Stephenson complained of an error, it reviewed his complaint and corrected its official records. When Stephenson requested a reconsideration of the board's decision, it issued a second letter that articulated four related reasons for his parole denial. Rather than reflecting an arbitrary review untethered to the reality of Stephenson's case, these reasons expand upon the two valid ones stated in the May 14, 2013, denial letter and accurately reflect Stephenson's criminal history. The Due Process Clause requires only that the VPB's decision rest upon one constitutionally valid ground. *Bloodgood*, 783 F.2d at 472, 475. The VPB has met and exceeded this requirement. For this reason, the Court GRANTS the respondent's motion to dismiss Stephenson's petition.

### III. Conclusion

The Court GRANTS the respondent's motion to dismiss. The Court DISMISSES Stephenson's claim and DENIES his 28 U.S.C. § 2254 petition. The Court denies a certificate of appealability.[4]

An appropriate Order shall issue.

Date: October 23, 2014
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge

---

[4] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383 (1983)). Stephenson fails to meet this standard.